IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TORINA A. COLLIS     *

   Plaintiff,      *

v.          *    Civil No. **PJM 06-1411**

BANK OF AMERICA N.A.   *

   Defendant.      *

## MEMORANDUM OPINION

*Pro se* Plaintiff Torina A. Collis has sued Bank of America ("the Bank"), alleging that it violated the Fair Labor Standards Act (hereinafter "FLSA") by failing to compensate her for time worked in excess of forty hours per week. On September 15, 2009, the Court issued an Order pursuant to Local Rule 111 having been advised by the parties that, following a settlement conferences with Magistrate Judge Charles B. Day, they had reached a settlement. On October 15, 2009 Collis filed a Motion to Reopen and Reverse the Rule 111 Order [Paper No. 74], in response to which the Bank filed a Cross-Motion to enforce the settlement [Paper No. 77]. For the reasons stated below, the Court **GRANTS** the Plaintiff's Motion to Reopen, but only so that the Court may **GRANT** Defendant's Motion to Enforce the Settlement, which it now does.[1]

### I.

The Bank argues that the parties reached an oral agreement to settle this case on June 18, 2009 at the last of three separate settlement conferences with Magistrate Judge Day. The Bank

---

[1] Both parties have filed Motions to Seal the details of the Settlement Agreement [Paper Nos. 75 and 81]. Because the Settlement Agreement requires that the parties maintain the confidentiality of the terms, these Motions are **GRANTED**. Additionally, Collis has filed a Motion for Extension of Time [Paper No. 78] to file her reply brief in this matter. Her reply brief was later filed but has nonetheless been considered by the Court. Therefore the Motion for Extension is **MOOT**.

1

provided Collis with a document memorializing the terms agreed to at the settlement conference a few days later on June 25, 2009. Although she did not sign the agreement, the Bank states that Collis's subsequent actions clearly indicate that the case had indeed settled, pursuant to the oral agreement reached by the parties. In support of this proposition the Bank notes that the Joint Pretrial Order submitted to the Court by Collis and the Bank in a related race discrimination case reported to the Court that this case had in fact settled.[2] Moreover, at the pretrial conference in the related race discrimination action, Collis informed the Court that, while she had not yet signed the agreement, the case had settled but the parties were still working on the language of the agreement. Furthermore, Collis let the various deadlines for pretrial submissions in this case pass without taking any action. Therefore, says the Bank, Collis intended to honor the agreement reached at the June 18, 2009 settlement conference.

Collis argues that the case should be reopened and the Local Rule 111 Order should be reversed because: (1) she never agreed to the terms of settlement discussed at the June 18, 2009 settlement conference; (2) she was proceeding pro se and was on medication at the time of the settlement conference; (3) the confidentiality provisions of the Settlement Agreement jeopardize her ability to prevail in the related race discrimination case against the Bank; and (4) she was advised at the settlement conference by Magistrate Judge Day that "she had to agree."

## II.

The Court's Rule 111 Order requires that the party seeking to reopen the case show "good cause" to do so. The Court has discretion to determine whether good cause has been shown. *See e.g. Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002).

Trial courts have the inherent authority to enforce settlement agreements. *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir 2002). In order to exercise this inherent power, "a

---

[2] *See Collis v. Bank of America, N.A.*, No. PJM 06-2451 (D. Md. 2009) (Paper No. 84).

district court (1) must find that the parties reached a complete settlement agreement and (2) must be able to determine its terms and conditions." *Hensley*, 277 F.3d at 540-41. If there is no dispute that a settlement has been reached and its terms and conditions can be determined, the Court may summarily enforce the agreement without a plenary hearing. *Hensley*, 277 F.3d at 540.

"[H]aving second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement." *Young v. FDIC*, 103 F.3d 1180, 1195 (4th Cir. 1997). Moreover, that fact that an agreement was oral and is not in writing does not render it unenforceable, even where the parties contemplated that the agreement would eventually be put in writing. *See King v. Sallie Mae, Inc.*, No. 08-2934, 2009 U.S. Dist. LEXIS 74132, at *8 (D. Md. Aug. 20, 2009).

### III.

The Court agrees with the Bank that Collis has not shown good cause to reopen the case. Neither Collis' *pro se* status, nor her belated claim that she was medicated at the time of the settlement conference, suggest that she was treated unfairly during the settlement negotiations. Rather, the fact that the Settlement Agreement was reached in the presence of Magistrate Judge Day, and after two prior settlement conferences in which Judge Day also participated, indicates to the Court that Plaintiff had every opportunity to fairly negotiate the terms of the agreement. Furthermore, Collis' claim that she never agreed to settle is not credible. As noted by the Bank, Collis reported to the Court on multiple occasions that this case had settled. At the same time, the Court finds incredible Collis' allegation that Magistrate Judge Day informed her that "she had to settle." No record evidence other than Collis' say-so supports this farfetched proposition. Finally, Collis' concern that her related race discrimination case could be prejudiced by the Agreement's confidentiality provisions is moot, if it was ever true. The race discrimination case

has now been tried to verdict before this Court, unsuccessfully for her as it turned out, but her evidentiary presentation in that case was not limited by the Settlement Agreement in any way.

The Court finds that Collis' multiple representations to the Court that this case had settled, coupled with her failure to respond to all subsequent case-related deadlines after the settlement conference occurred, demonstrate that a complete settlement agreement was reached in this case as memorialized by Defendant shortly after the settlement conference. Therefore the Court will exercise its inherent authority to enforce the terms of the settlement reached by the parties.[3]

Plaintiff's Motion to Reopen and Reverse the Rule 111 Order [Paper No. 74] is **GRANTED** in part and **DENIED** in part. The Motion to Reopen is **GRANTED**. The Motion to Reverse the Rule 111 Order is **DENIED**. Defendant's Cross-Motion to Enforce the Settlement [Paper No. 77] is **GRANTED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**July 19, 2010**

---

[3] The Bank is advised that if Collis refuses to receive the payment contemplated by the Settlement Agreement, such payment can be remitted to the Registry of the Court in order to facilitate settlement in this matter. The Bank should tender the amount of the settlement to Collis in the form of a check. If the check is not accepted by her within thirty days of its issue, the Bank may cancel the check and pay an equal amount into the Registry of the Court.

4